IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PETE AVALOS,**

        **Plaintiff,**

      v.                                         No. CIV-13-1045 LAM

**CAROLYN W. COLVIN, Acting Commissioner**
**of the Social Security Administration,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for Rehearing, With Supporting Memorandum (Doc. 16)*, filed June 18, 2014 (hereinafter "motion"). In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 6* and *10*]. On August 18, 2014, Defendant filed a response to the motion [*Doc. 18*], and, on September 2, 2014, Plaintiff filed a reply [*Doc. 19*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 11*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

## I.   Procedural History

On August 30, 2011, Plaintiff filed applications for Supplemental Security Income (hereinafter "SSI") and Disability Insurance Benefits (hereinafter "DIB"), respectively, alleging that he became disabled on May 12, 2011.  [*Doc. 11-6* at 4-10 and 2-3, respectively].  Plaintiff stated that he became disabled due to lower back pain, hip pain, diabetes, nerve damage on both legs, high blood pressure, and depression.  [*Doc. 11-7* at 6].  Both of these applications were denied at the initial level on October 20, 2011 (*Doc. 11-5* at 2-6), and each application was denied, respectively, at the reconsideration level on January 20, 2012 (*id.* at 9-12 and 13-15, respectively).  Pursuant to Plaintiff's request (*id.* at 18), Administrative Law Judge Christopher Judge (hereinafter "ALJ") conducted a hearing on April 23, 2013.  [*Doc. 11-3* at 26-40].  At the hearing, Plaintiff was present, was represented by counsel and testified.  *Id.* at 28, 29-38.  In addition, Vocational Expert (hereinafter "VE"), Kelly Roberts, was present at the hearing, but did not testify.  *Id.* at 28.

On May 8, 2013, the ALJ issued his decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.  *Id.* at 13-25.  Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 9), and, on August 26, 2013, the Appeals Council denied Plaintiff's request for review (*id.* at 2-4), which made the ALJ's decision the final decision of the Commissioner.  On October 26, 2013, Plaintiff filed his complaint in this case. [*Doc. 1*].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied.

*Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB and SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on September 24, 1968.  [*Docs. 11-6* at 2 and 4].  Plaintiff has held jobs as a certified nursing assistant and as a medical assistant.  [*Doc. 11-7* at 7].  Plaintiff alleges that he is unable to work due to lower back pain, hip pain, diabetes, nerve damage on both legs,

high blood pressure, and depression.  *Id.* at 6.  Plaintiff's medical records include: a Disability Determination Examination by Chandran Vedamanikam, M.D., dated October 1, 2011 (*Doc. 11-9* at 38-40); x-ray evidence regarding Plaintiff's back (*Doc. 11-11* at 4 and 12); and MRI evidence regarding Plaintiff's back (*id.* at 37-38).  Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of May 12, 2011.  [*Doc. 11-3* at 15].  At step two, the ALJ found that Plaintiff has the following severe impairment: diabetes mellitus.  *Id.*  At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  *Id.* at 17.

Before step four, the ALJ determined that Plaintiff has the RFC "to perform a full range of heavy work, including the full range of medium work, light work, and sedentary work."  *Id.* at 18.  In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision."  *Id.* at 19.  The ALJ found "no support for [Plaintiff's] allegations that he is incapable of working due to any mental or physical condition," and that Plaintiff stopped working in 2008, which was years before his alleged onset date and before he began receiving any mental health treatment.  *Id.* at 20.  The ALJ stated that there is no evidence showing that Plaintiff was fired due to any of his alleged medical conditions, and found

that the record shows "no motor or sensory deficits or any physical findings that would support any difficulty moving while standing, bending, stooping, crouching or any other position using [Plaintiff's] lower back."  *Id.*  The ALJ stated that "[c]ompliance with diabetes treatments has been less than perfect," and that "[Plaintiff's] [c]ounsel's insistence that [Plaintiff] is destitute is undermined by [Plaintiff's] ongoing ability to afford drinking a six-pack of beer a day."  *Id.*  The ALJ gave "the greatest weight to the opinion of the consultative examiner," and noted that this opinion did not assign any functional limitations to Plaintiff, was "internally consistent and consistent with the evidence of virtually normal findings on examination," and that "the consulting physician is the only examining source of record" whose opinion "is uncontroverted" except by the Plaintiff's testimony.  *Id.*  At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a medical assistant and certified nursing assistant, which does not require the performance of work-related activities precluded by Plaintiff's RFC.  *Id.*  The ALJ also found that there are other jobs existing in the national economy that Plaintiff is able to perform.  *Id.* at 20-21.   The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act.  *Id.* at 21.

## V.   Analysis

Plaintiff makes the following arguments in his motion to reverse or remand: (1) the ALJ's RFC determination is incomplete, conclusory, and unsupported by substantial evidence (*Doc. 16* at 6-17); (2) the ALJ's past work finding is incomplete and contains an incorrect RFC (*id.* at 17-19); and (3) the ALJ's step five finding contains reversible error (*id.* at 19-21).  In response, Defendant argues that substantial evidence supports the ALJ's RFC determination, the ALJ properly determined that Plaintiff could perform his past relevant work, and the ALJ did not err in

his step five findings.  [*Doc. 18* at 4-11].   In his reply, Plaintiff restates his contentions from his complaint, and further contends that the ALJ erred in stating there are "no diagnostic images" to support the finding of degenerative disc disease."  [*Doc. 19* at 2] (citing *Doc. 11-3* at 16).

### A.   The ALJ's RFC Determination

Plaintiff contends that the ALJ erred in his RFC determination because the consultative evaluation relied upon by the ALJ for this determination did not take into consideration evidence regarding Plaintiff's back and leg pain.  [*Doc. 16* at 7-10].  Specifically, Plaintiff contends that the consultative evaluation by Dr. Vedamanikam did not include the x-rays and the MRI which had been taken of Plaintiff's back, and that the x-rays provide objective evidence of grade II spondylolisthesis[1] at L5-S1.  *Id.* at 7-9 (*citing Doc. 11-9* at 38, Dr. Vedamanikam's opinion stating that "[s]ome x-rays and an MRI was [sic] apparently done, but no documents are available for review at this time;" and *Doc. 11-11* at 4 and 12, x-ray evidence).  Plaintiff contends that the ALJ's statement that there are no diagnostic images or clinical findings to support a diagnosis of degenerative disc disease (citing *Doc. 11-3* at 16) is false because the x-ray and other evidence in the record refute this statement (*see Doc. 16* at 8-10).  Plaintiff contends that the ALJ's RFC determination fails to include limitations regarding Plaintiff's obesity (*id.* at 12), and depression (*id.* at 12-15).  Plaintiff also contends that the ALJ's RFC determination is structurally flawed because it does not provide a function-by-function analysis, and that the ALJ erred by relying on Plaintiff's lack of consistent treatment in making his RFC determination.  *Id.* at 15-17.

---

[1] Spondylolisthesis is the forward movement of the body of one of the lower lumbar vertebrae on the vertebra below it, or upon the sacrum.  *Stedman's Medical Dictionary* (27th ed., Lippincott Williams & Wilkins 2000) at 1678.

7

In response, Defendant contends that the ALJ did not err by relying on Dr. Vedamanikam's report because that examination showed that Plaintiff had a full range of motion in all extremities, including the cervical and lumbar spine. [*Doc. 18* at 4]. Defendant contends that the ALJ properly developed the evidence regarding Plaintiff's back and leg pain. *Id.* at 5. Defendant contends that Plaintiff fails to cite to any evidence supporting his claim that his obesity precluded the standing, walking, lifting, carrying, bending, and stooping required of heavy work, and that the ALJ properly rejected the evidence regarding Plaintiff's depression. *Id.* at 6-8.

In reply, Plaintiff contends that the ALJ should have provided Dr. Vedamanikam with the x-rays that support Plaintiff's claims of back pain, and that Plaintiff's diagnosis of degenerative joint disease is sufficient to support a finding or degenerative disc disease. [*Doc. 19* at 1-2]. Plaintiff contends that the ALJ erred by failing to consider Plaintiff's 15-day psychiatric hospitalization in 2012 regarding his finding that Plaintiff's depression did not limit his RFC determination. *Id.* at 3. Plaintiff also contends that the evidence in the record supports a finding of limitations relating to Plaintiff's depression. *Id.* at 4-5.

A claimant's RFC is based on how the claimant's physical and mental limitations affect the claimant's ability to work, and is "the most [a claimant] can still do despite [those] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). *See also* Soc. Sec. Rep. 96-8p, 1996 WL 374184 at *2 ("RFC is what an individual can still do despite his or her limitations"). The ALJ must base the RFC assessment on all of the relevant evidence in the record, such as medical history, laboratory findings, effects of treatment and symptoms, including pain, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and work evaluations, if any. Soc. Sec. Rep. 96-8p

at *5.  "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Id.* at *7.  The ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved," and the RFC assessment must always consider and address medical source opinions.  *Id.*

Here, the ALJ found that Plaintiff has the RFC "to perform a full range of heavy work, including the full range of medium work, light work, and sedentary work."  [*Doc. 11-3* at 18].  The ALJ did not assess any limitations to Plaintiff's RFC.  With regard to Plaintiff's claims of back pain, the ALJ discussed Dr. Vedamanikam's findings from his consultative examination, noting that Dr. Vedamanikam did not have MRIs or X-rays of Plaintiff's back for review upon his examination.  *Id.* at 19.  The ALJ noted that Plaintiff was seen at Mountain View Regional Medical Center in December 2009 "complaining of backache," and that "[x]-rays revealed findings consistent with spondylolisthesis [at] L5-S1."  *Id.*  The ALJ also noted that, on April 8, 2013, Plaintiff was diagnosed with acute lumbar strain and degenerative disc disease.  *Id.*  The ALJ stated that there was no evidence in the record "that would support any difficulty moving while standing, bending, stooping, crouching or any other position using [Plaintiff's] lower back," and that the evidence "[a]t best, [] merely indicate[s] that [Plaintiff] has back pain, treated by brief visits to hospital ERs, but without indication of functional deficits."  *Id.* at 20.  The ALJ assigned Dr. Vedamanikam's opinion "the greatest weight," and stated that it was consistent with the evidence in the record.  *Id.*  The ALJ, however, did not discuss the inconsistencies between Dr. Vedamanikam's findings and the x-ray and MRI evidence showing spondylolisthesis or

9

Plaintiff's diagnoses of acute muscular spasm, acute lumbar myofascial[2] strain, chronic low back pain, acute sciatica, radiculopathy, diabetic neuropathy, acute lumbar strain, and degenerative joint disease.  *See* [*Doc. 11-11* at 5, 29 and 37].  "An ALJ is bound by the opinions of agency medical consultants only insofar as they are supported by evidence in the case record."  *Lee v. Barnhart*, No. 03-7025, 117 Fed. Appx. 674, 678, 2004 WL 2810224 (10th Cir. Dec. 8, 2004) (unpublished) (citing Soc. Sec. R. 96-6p, 1996 WL 374180, at *2).  "[I]f the ALJ relies heavily on such opinions, as the ALJ did here, the opinions must themselves find adequate support in the medical evidence."  *Lee*, 117 Fed. Appx. at 678.  Dr. Vedamanikam's opinion does not consider the x-ray or MRI evidence of Plaintiff's back, and his opinion conflicts with multiple diagnoses regarding Plaintiff's back pain.  While the ALJ stated that he rejected the medical evidence that conflicted with Dr. Vedamanikam's opinion because the evidence does not include a specific indication of functional deficits (*see Doc. 11-3* at 20), the evidence nevertheless provides support for Plaintiff's complaints of back and leg pain and was not considered by Dr. Vedamanikam.  The Court, therefore, finds that the ALJ erred by relying entirely on Dr. Vedamanikam's opinion despite a lack of support for this opinion in the medical evidence.

In addition, the ALJ failed to discuss the evidence in the record regarding Plaintiff's mental impairments, and did not include any limitations regarding those impairments in his RFC determination.  The ALJ relied on Dr. Vedamanikam's opinion that Plaintiff was stable, not on any medications, denying suicidal or homicidal ideations, and had no apparent decrease in activities of daily living.  [*Doc. 11-3* at 16] (citing *Doc. 11-9* at 40).  Dr. Vedamanikam's

---

[2] "Myofascial" is defined as "[o]f or relating to the fascia surrounding and separating muscle tissue," and "fascia" is defined as "[a] sheet of fibrous tissue that envelops the body beneath the skin; it also encloses muscles and groups of muscles, and separates their several layers or groups."  *Stedman's Medical Dictionary* (27th ed., Lippincott Williams & Wilkins 2000) at 1173 and 647.

opinion, however, conflicts with evidence in the record, such as: a mental status examination which noted that Plaintiff has an impaired recent and remote memory, impaired ability to concentrate, poor insight and judgment, and suicidal ideation (*Doc. 11-10* at 14); and diagnoses of generalized anxiety disorder and recurrent major depressive disorder (*id.* at 24, *see also id.* at 9-10).  While the ALJ noted that Plaintiff was hospitalized for 15 days after feeling suicidal (*Doc. 11-3* at 16), the ALJ failed to note Plaintiff's diagnoses upon discharge of major depressive disorder without psychotic features, generalized anxiety disorder, and a GAF of 49 (*Doc. 11-12* at 4).[3]  *See* [*Doc. 11-3* at 16] and [*Doc. 11-12* at 4].  The ALJ stated that he rejected the evidence regarding Plaintiff's mental impairments because Plaintiff was not seen by a psychologist or psychiatrist and the diagnoses were not made by acceptable medical sources.  [*Doc. 11-3* at 16].  While an ALJ may give less weight to evidence from a medical source that is not considered acceptable (*see* Soc. Sec. Rep. 06-03p, 2006 WL 2329939, at *5), the ALJ here completely rejected all of the evidence regarding Plaintiff's mental impairments, other than Dr. Vedamanikam's opinion and, importantly, failed to note any evidence in the record that supports Dr. Vedamanikam's opinion.  The Court, therefore, finds that the ALJ erred by relying solely on Dr. Vedamanikam's opinion, when that opinion is not supported by the evidence in the record.  *See Lee*, 117 Fed. Appx. at 678 ("An ALJ is bound by the opinions of agency medical consultants only insofar as they are supported by evidence in the case record," and "[i]f the ALJ relies heavily on such opinions, as the ALJ did here, the opinions must themselves find adequate

---

[3] The Global Assessment of Functioning ("GAF") score is a measurement of the clinician's judgment of an individual's psychological, social and occupational functioning.  DSM-IV-TR at 32.  A GAF score within the range of 41 and 50 indicates "[s]erious symptoms," such as "suicidal ideation, severe obsessional rituals, [or] frequent shoplifting," or "serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)."  *Id.* at 34.

11

support in the medical evidence."); *see also Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (explaining that opinions of examining sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record). Upon remand, the ALJ shall consider the evidence regarding Plaintiff's back pain and mental impairments in compliance with Soc. Sec. Rep. 96-8p and other applicable law.

### B. Plaintiff's Remaining Claims

The Court declines to consider Plaintiffs conclusory claim that the ALJ erred by failing to consider Plaintiff's obesity (*Doc. 16* at 12) because Plaintiff fails to cite to any evidence in the record regarding that claim. *See Wall v. Astrue*, 561 F.3d 1048, 1066 (10th Cir. 2009) (finding that conclusory issues that are not developed have been waived). Because the Court finds that Plaintiff's case should be remanded for further consideration of the medical evidence of Plaintiff's back pain and mental impairments, the Court finds that it is unnecessary to reach Plaintiff's remaining claims that: the RFC is structurally inadequate; the ALJ erred in relying on Plaintiffs lack of consistent treatment; the ALJ's past work finding is incomplete; and the ALJ's step five finding is in error, because those claims may be affected by the ALJ's findings on remand. *See Robinson*, 366 F.3d at 1085 (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective

complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085).

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider the medical evidence of Plaintiff's back pain and mental impairments, as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Motion to Reverse and Remand for Rehearing, With Supporting Memorandum (Doc. 16)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.  A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**